UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 96-033-DCR |
| V. | ) | |
| CARL E. SMITH, | ) | **MEMORANDUM ORDER** |
| Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Defendant Carl Smith has filed a motion for a sentence reduction under the First Step Act of 2018 ("2018 Act"). [Record No. 248] Smith was convicted on August 26, 1996, of conspiring to possess with intent to distribute cocaine base and cocaine, possessing with intent to distribute cocaine base and cocaine, and aiding and abetting in violation of 21 U.S.C. §§ 846 and 841 and 18 U.S.C. § 2. He was sentenced on November 22, 1996, to a 240-month term of imprisonment, to be followed by a ten-year term of supervised release. [Record No. 64] Smith completed his term of imprisonment and commenced his period of supervised release on August 29, 2013. However, on December 14, 2018, Smith's term of supervision was revoked because he violated the conditions of supervised release. [Record No. 245] As a consequence, Smith is currently serving an 18-month term of imprisonment which will be followed by a 7-year term of supervised release. [Record No. 247] His projected prison release date is March 10, 2020. *See* https://www.bop.gov/inmateloc/ (last visited on May 20, 2019).

The Fair Sentencing Act of 2010 ("FSA") amended 21 U.S.C. § 841 and increased the amount of cocaine base needed to trigger the mandatory minimum sentences provided in the statute. Pub. L. No. 111-220, 124 Stat. 2372 (Aug. 3, 2010). The FSA did not previously apply retroactively, but the 2018 Act made the FSA retroactive. *See* Pub. L. No. 115-391, 132 Stat. 5194 (2018). As relevant to the present case, Section 404 of the 2018 Act states: "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." *Id*. § 404(a).

Section 404 provides that a term of incarceration may be reduced only for a covered offense which is violation of a federal criminal statute, the penalties for which were modified by section 2 or 3 of the FSA. Smith's current term of imprisonment is not based on his original cocaine conviction but as a result of his violation of supervised release which is not a covered offense. Therefore, Smith is not eligible for relief under the 2018 Act. Accordingly, it is hereby

**ORDERED** that Defendant Carl Smith's motion for a sentence reduction [Record No. 248] is **DENIED**.

Dated: May 21, 2019.

Signed By:
*Danny C. Reeves*
United States District Judge