UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 96-033-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CARL E. SMITH, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

Defendant Carl Smith was convicted on August 26, 1996, of conspiring to possess with intent to distribute cocaine base and cocaine, possessing with intent to distribute cocaine base and cocaine, and aiding and abetting in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) and 18 U.S.C. § 2. [Record No. 50] He was sentenced on November 22, 1996, to a term of 240 months' imprisonment, to be followed by ten years of supervised release. [Record No. 64] After he was released from his initial term of incarceration in August 2013, the Court revoked supervision on December 14, 2018, and sentenced him to eighteen months' imprisonment while reimposing seven years of supervised release. [Record No. 247; Supervised Release Violation Report] The Bureau of Prisons projects that Smith will be released from custody on March 14, 2020. *See* https://www.bop.gov/inmateloc/ (last visited on January 29, 2020).

Smith filed a motion under 18 U.S.C. § 3582(c) on May 17, 2019, for a sentence reduction under the First Step Act of 2018 ("the Act"), Pub. L. 115-391, 132 Stat. 5194 (2018). He argued, *inter alia*, that he is entitled to a reduction of his sentence because the Act made the Fair Sentencing Act of 2010's ("FSA") amendments to 21 U.S.C. § 841 concerning

- 1 -

mandatory minimum sentences for defendants convicted of dealing cocaine base retroactive. Section 404 of the 2018 Act relevantly states: "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Pub. L. 115-391, § 404(b), 132 Stat. 5194, 5222. The Court denied the motion on May 21, 2019, finding that Section 404 can only potentially reduce terms of incarceration based on a "covered offense" of the FSA, such as Smith's underlying crack cocaine offense, while the incarceration in question resulted from an unrelated violation of the terms of his supervised release. [Record No. 249]

Not satisfied with the Court's ruling, Smith then filed the pending motion for relief pursuant to § 3582 and the Act on January 27, 2020. [Record No. 250] He essentially argues that the Court was incorrect to conclude that the Act was inapplicable because the term of imprisonment imposed for violation of the terms of supervised release is punishment relating to the original criminal judgment, which concerned a covered offense under the FSA, rather than punishment for a separate offense. [*Id.* at p. 2] He cites several cases decided after his earlier motion was denied to support this proposition. [*Id.* (citing *United States v. Haymond*, 139 S. Ct. 2369 (June 26, 2019); *United States v. Venable*, 943 F.3d 187 (4th Cir. Nov. 20, 2019))] However, he also cites a case from 2000, *Johnson v. United States*, 529 U.S. 694, 700 (2000), indicating that it is well-established that punishments for supervised release violations are punishments for the initial offenses for which defendants are convicted. [*Id.*] He asks that the Court resentence him to time-served. [*Id.* at p. 3] But there is a procedural problem with the defendant's motion.

As the Court has explained previously, a defendant has one opportunity to move for a sentence reduction under § 3582(c) after applicable law (generally, although not here, the United States Sentencing Guidelines ("U.S.S.G.")) changes such that a § 3582(c) motion could provide the movant with relief. *United States v. Pingleton*, No. 6: 04-cr-065-DCR, 2018 WL 344988, at *1 (E.D. Ky. Jan. 9, 2018) (citing *United States v. Redd*, 630 F.3d 649, 650-51 (7th Cir. 2011)). A defendant can file a motion to reconsider within fourteen days of the entry of the order denying § 3582(c) relief. *Id.* (citing *Redd*, 630 F.3d at 651). Or perhaps more effectively, a defendant can appeal an order denying § 3582 relief within 14 days of the order's entry. Fed. R. App. P. 4(b)(1)(A)(i); *United States v. Brown*, 817 F.3d 486, 489 (6th Cir. 2016). Either way, prisoners only receive "one bite at the apple," *i.e.,* one § 3582(c) motion, per change to the applicable sentencing law. *See United States v. Beard*, 745 F.3d 288, 292 (7th Cir. 2014).

Smith concedes that the basis of his argument concerning the relationship of punishment for supervised release violations to punishment for the underlying offense has existed since 2000. Still, he failed to raise this point in a timely motion for reconsideration or an appeal to the United States Court of Appeals for the Sixth Circuit. Instead, he has filed a successive § 3582(c) motion seven months after he could have moved for consideration or appealed the relevant order. His motion will be denied for this procedural defect.[1]

---

[1] The Act expressly precludes successive motions under Section 404 after an initial motion has been reviewed on the merits. Pub. L. 115-391, § 404(c), 132 Stat. 5194, 5222. However, the Court denied Smith's initial § 3582(c) motion because it determined that he was ineligible for a sentence reduction under the Act. [Record No. 249] The Sixth Circuit has indicated that finding a defendant ineligible for a sentence reduction under the Act does not constitute a ruling on the merits. *See United States v. Beamus*, 943 F.3d 789, 791 (6th Cir. 2019). Therefore, the Court declines to consider the question of whether the Act itself bars review of the pending motion.

But putting aside the procedural hurdle and assuming, for the sake of argument, Smith can file a motion for a sentence reduction because the punishment for violating his supervised release terms relates to that of the underlying crack cocaine offense, the Court will address the merits of the motion. Courts *may* reduce the sentences of prisoners eligible under Section 404 of the Act, but they are not bound to do so. Pub. L. 115-391, § 404(b), 132 Stat. 5194, 5222; *United States v. Calloway*, No. 2: 09-073-DCR, 2019 WL 1929928, at *2 (E.D. Ky. Apr. 30, 2019). The Court has considered the relevant Guidelines range and statutory sentencing factors of 18 U.S.C. § 3553(a) and 18 U.S.C § 3583 and concludes that the eighteen-month sentence, to be followed by seven years of supervised release, was appropriate.

Smith stipulated to two Grade B supervised release violations: possessing a firearm as defined in 18 U.S.C. § 921 and committing a state crime under Kentucky law by being a felon in possession of a firearm. [Record No. 247; Supervised Release Violation Report; *see also* 18 U.S.C. § 921; Kentucky Revised Statutes §§ 527.040(2), 532.060(2); U.S.S.G. § 7B1.1(a)(2)] His criminal history category is V, making his Guidelines Range for the 2018 supervised release violation 18-24 months. [U.S.S.G. § 7B1.4; Supervised Release Violation Report] The term of incarceration the Court imposed for the violation was at the bottom of the Guidelines range and was warranted under §§ 3553(a) and 3583 because the defendant, whose underlying offense involved narcotics trafficking, possessed, and indeed fired, a handgun in public. [*See* 18 U.S.C. §§ 3553(a), 3583; Supervised Release Violation Report.]

Further, Smith was convicted of violating 21 U.S.C. § 841(b)(1)(A) in 1996, which at that time carried a mandatory minimum term of supervised release of at least ten years if a defendant had a prior felony drug conviction. 21 U.S.C. § 841(b)(1)(A) (1996). Smith had such a prior conviction at the time of his sentencing, and he was subject to the ten-year

mandatory minimum.² When a defendant violates the terms of his supervised release and is subsequently imprisoned, a court may reimpose a term of supervised release to follow the period of incarceration. 18 U.S.C. § 3583(h). "The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." *Id.* Here, the Court reimposed supervised release for a term of seven years, even though it could have imposed a term of life due to the underlying conviction for violation of 21 U.S.C. § 841(b)(1)(A) and Smith's prior felony drug offense. This term of supervision was warranted due to Smith's recent use of firearms and history of narcotics trafficking.

In summary, Smith's motion is procedurally defective because it is a successive § 3582(c) motion that attempts to relitigate an issue that the Court has already addressed. Smith could have filed a timely motion to reconsider or appealed the Court's denial of his first § 3582(c) motion relating to the Act. But even if he did not face this procedural hurdle and is

---

² Any prior "felony drug offense" would have qualified for this mandatory minimum when Smith was sentenced in 1996. 21 U.S.C. § 841(b)(1)(A) (1996). A "felony drug offense" refers to "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, or depressant or stimulant substances." 21 U.S.C. § 802(44) (1996). The Act has changed which drug felony convictions now qualify for the mandatory ten-year period of supervised release. Only a "serious drug felony," which requires that a defendant actually serve more than a year in prison for the offense, will now qualify a defendant for this mandatory minimum period of supervised release. 21 U.S.C. §§ 802(57) (2018), 841(b)(1)(A) (2018); Pub. L. 115-391, § 401(a), 132 Stat. 5194, 5220. However, this change is not retroactive. *United States v. Wiseman*, 932 F. Supp. 411, 417 (6th Cir. 2019). And even if it were retroactive, Smith's Presentence Investigation Report ("PSR") indicates that he was convicted of cocaine possession in 1991 and served nearly *three years* in Kentucky state prison. PSR ¶¶ 63-65. Therefore, he would be subject to a minimum ten-year period of supervised release for his conviction under 21 U.S.C. § 841(b)(1)(A) under either version of the statute.

correct that he is eligible for a reduction of his sentence for supervised release under Section 404, the Court maintains the discretion to decline to reduce his sentence. The Court has reviewed the merits of the motion for a sentence reduction and has determined that such a reduction is unwarranted. Accordingly, it is hereby

**ORDERED** that Defendant Carl Smith's 18 U.S.C. § 3582(c) motion for a reduction in sentence pursuant to the First Step Act of 2018 [Record No. 250] is **DENIED**.

Dated: January 29, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky